# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES E. LOCKHART,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0624** (BOR Appeal No. 2048015)
                    (Claim No. 2009050867)

**BLUE HAVEN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James E. Lockhart, by Paige Flanigan, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Blue Haven Energy, Inc., by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 22, 2013, in which the Board affirmed a December 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's decision to grant a 15% permanent partial disability award for a total of 20% permanent partial disability. The Office of Judges granted Mr. Lockhart a 5% award for a total of 10% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lockhart was an employee of Blue Haven Energy, Inc., for approximately five years and a coal miner for approximately thirty-three years. During Mr. Lockhart's time as a coal miner he was exposed to various types of dust. Mr. Lockhart filed an application for workers' compensation benefits asserting he developed occupational pneumoconiosis in the course of and resulting from his employment. The claims administrator determined that Mr. Lockhart qualified

1

for the statutory presumption and granted Mr. Lockhart a 5% permanent partial disability award on a non-medical basis. Mr. Lockhart was then referred to the Occupational Pneumoconiosis Board. A pulmonary function test revealed 10% whole person impairment while the diffusion testing revealed 20% whole person impairment. The Occupational Pneumoconiosis Board also noted a twenty-four-pack-year smoking habit. Since there was no evidence of smoking-related illness, the Occupational Pneumoconiosis Board did not apportion any lack of lung function to cigarette smoking. The Occupational Pneumoconiosis Board ultimately recommended 20% whole person impairment, to be reduced by the 5% award that Mr. Lockhart had already received, for an increase of 15% permanent partial disability. The claims administrator gave deference to the Occupational Pneumoconiosis Board's findings and awarded an additional 15% permanent partial disability award. Both parties protested this decision. However, the protest from Mr. Lockhart was subsequently withdrawn. Mr. Lockhart had another lung function test on December 5, 2011. The December 5, 2011, study showed a diffusion capacity of 21.40. After reviewing the December 5, 2011, lung function study, the Occupational Pneumoconiosis Board changed its recommendation from 20% whole person impairment to 10% whole person impairment. Jack Kinder Jr., M.D., the Chairman of the Occupational Pneumoconiosis Board, testified that occupational pneumoconiosis is a progressive disease and diffusion capacity should never increase with a progressive disease of the lungs. Dr. Kinder opined that the highest diffusion capacity would the best sample to determine Mr. Lockhart's total level of impairment. Mr. Lockhart's last lung study performed on April 12, 2012, by Donald L. Rasmussen, M.D., showed a diffusion capacity of 20.4. However, his diffusion tests revealed a carboxyhemoglobin rating of 3.5. Based upon his testing, Dr. Rasmussen opined that Mr. Lockhart suffered 20% whole person impairment related to his occupational pneumoconiosis.

The Office of Judges determined that Mr. Lockhart was only entitled to a 10% permanent partial disability award related to his occupational pneumoconiosis. The Office of Judges reviewed each of the three separate lung function and diffusion tests. The first test conducted in August of 2011 revealed a diffusion capacity of carbon monoxide of 18.27. The next reading on December 5, 2011, showed a diffusion capacity of 21.40. The last reading performed on April 12, 2012 showed a diffusion capacity of 20.4. The Office of Judges was persuaded by the testimony of Dr. Kinder. Dr. Kinder opined that since occupational pneumoconiosis is a progressive disease the diffusion capacity of any person with occupational pneumoconiosis should never increase with time. As a result Dr. Kinder opined that the highest diffusion capacity would the best sample to determine Mr. Lockhart's total level of impairment because it represented his maximum effort. The Office of Judges noted that the only physician that recommended 20% whole person impairment was Dr. Rasmussen. However, the Office of Judges also noted that Dr. Rasmussen's diffusion tests cannot be used because pursuant to West Virginia Code of State Rules § 85-20-52.9 (2006), the lung study test is invalid if the patient's carboxyhemoglobin is 3.1 or more. Since Dr. Rasmussen reported a carboxyhemoglobin rating of 3.5, the Office of Judges refused to accept his report. Accordingly, the Office of Judges determined that Mr. Lockhart was entitled to a 10% permanent partial disability award. The Board of Review adopted all the material findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Mr. Lockhart has failed to establish he is entitled to more than a 10% permanent partial

disability award related to his occupational pneumoconiosis. The Occupational Pneumoconiosis Board, while originally recommending 20% whole person impairment related to Mr. Lockhart's occupational pneumoconiosis, changed its analysis in light of the higher diffusion capacity testing and recommended an additional 5% whole person impairment, for a total of 10% whole person impairment. Dr. Rasmussen was the only physician who opined that Mr. Lockhart had more than 10% pulmonary impairment. However, pursuant to West Virginia Code of State Rules § 85-20-52.9, a carboxyhemoglobin rating over 3.1 invalidates the diffusion study results. Dr. Rasmussen in his April 12, 2012, lung function test noted a carboxyhemoglobin rating of 3.5. Since his report was discredited due to an elevated carboxyhemoglobin rating, the remaining studies demonstrated Mr. Lockhart is only entitled to a 10% whole person impairment rating. A 10% impairment rating is also consistent with the well-reasoned opinion of Dr. Kinder. Accordingly, the decision to award an extra 5% permanent partial disability for a total of 10% permanent partial disability was not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum